AO 241 (Rev. 09/17)

5:22-CV-75TPB PRL

## PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United State District Court | District :Middle |
|---|---|
| Name (under which you were convicted): Rodney Snow II | Docket Or Case No.: |
| Place of Confinement: **GRACEVILLE CORRECTIONAL FACILITY** | Prisoner No.: 590165 |
| Petitioner ( include the name under which you were convicted) Rodney F. Snow II | Respondent (authorized person having custody of petitioner) v. Secretary, Florida Department of Corrections, State of Florida, ET-AL |
| The Attorney General of the state of ; **FLORIDA** | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are <u>challenging:</u>

2. _____Fifth Judicial Circuit, Marion County, Florida

   (b) Criminal docket or case number: 2017-CF-002779-A-W

3. (a) Date of the judgment of conviction: October 30, 2018

   (b) Date of Sentencing: December 17, 2018

4. Length of sentence: 60 Years – 25 Minimum Mandatory

5. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes   x No

6. Identify all crimes of which you were convicted and sentenced in this case: Robbery with a firearm – poss/dischrg/inj

7. (a) What was your plea?

    x  (1) Not guilty:          ☐ (3) Nolo contendere

    ☐  (2) Guilty:              ☐ (4) Insanity plea:

   (b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? ____N/A_____

   _____

Page 1 of 19

_____
_____
_____

    (c) If you went to trial, what kind of trial did you have?

      X  Jury    ☐ Judge only

8.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ☐ Yes    x No

9.   Did you appeal from the judgment of conviction?

      X Yes    ☐ No

10.   If you did appeal, answer the following:

    (a) Name of Court: Fifth DCA

    (b) Docket or case number:  5D19 - 244

    (c)Result:  Per Curiam Affirmed

    (d) Date of result:  Opinion: January 14, 2020; Mandate: February 7, 2020

    (e) Citation to the case: Snow v. State, 288 So. 3D 679 (Fla. 5th DCA 2020)

    (f) Grounds raised: Point 1: The 10-20-Life statute does not apply where bodily harm is self inflicted.

Point 2: The record does not support a finding that the firearm was discharged during the commission of the charged robbery.

_____
_____
_____
_____
_____
_____

    (g) Did you seek further review by a higher state court?    ☐ Yes    x No

    If yes, answer the following:

    (1) Name of court;  N/A

    (2) Docket or case number (if you know): N/A

(3) Result: N/A

(4) Date of result (if you know): N/A

(5) Citation of the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes     x No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: N/A

(3) Date of result (if you know): N/A

(4) Citation of the case (if you know): N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   X Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:
(a)  (1) Name of court: Fifth Judicial Circuit Court

(2 Docket of case number: 2017-CF-002779-A-W

(3 Date of filing: February 19, 2021

(4 Nature of the proceeding: Motion for Post conviction relief

(5) Grounds raised: <u>Ground one:</u> Ineffective assistance of counsel for failure to properly file judgment of acquittal and or properly arguing the charged crime to preserve for appeal;

Ground 2: Trial counsel failed to properly advise the defendant of the evidence and sentence faced which led to the rejection of a plea;

Ground 3: Trial counsel was ineffective for not properly deposing and cross-examining co-defendant;

Ground 4: Trial counsel was ineffective for failing to request a second competency hearing.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    x No

(7) Result: _Denied

(8) Date of result (if you know): _April 12, 2021

(b) If you filed any Second Petition, Application, or Motion, give the same information:
(1) Name of Court: __N/A

(2) Docket or case number: _N/A

(3) Date of filing: N/A

(4) Nature of the proceeding: _N/A
(5)

(5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your Petition, Application or Motion?

☐ Yes    x No

(7) Result: N/A

(8) Date of result: (if you know) N/A

(c) If you filed any third petition, application, or motion, give the same information:
(1) Name of Court: _N/A
(2) Docket or case number: _N/A

(3) Date of filing: _N/A_____

(4) Nature of the proceeding: _N/A_____
(5)

(5) Grounds raised: ___N/A_____

_____

(6) Did you receive a hearing where evidence was given on your Petition, Application or Motion?

☐ Yes     x No

(7) Result: _N/A_____

(8) Date of result: (if you know) _N/A_____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

| | | |
|---|---|---|
| (1) First Petition: | x Yes | ☐ No |
| (2) Second Petition: | x Yes | ☐ No |
| (3) Third Petition: | N/A | |

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
_N/A_____
_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum

**CAUTION: To proceed in federal court you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you failed to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** THE STATE COURT ERRED BY APPLYING THE 10-20-LIFE STATUTE FOR THE PETITIONER'S SENTENCE, WHICH DOES NOT APPLY WHERE BODILY HARM IS SELF-INFLICTED.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim): The State prosecution urged the trial court to allow a hyper-literal application of the 10-20-Life statute against the

petitioner in order to gain an unlawful 25 minimum mandatory prison term imposition, contrary to the dictates of that specific statute.

(b) If you did not exhaust you state remedies on Ground One, explain why: Ground One was exhausted in the State Court.

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   X Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    x No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?   N/A

(4) Did you appeal from the denial of your motion or petition?   N/A

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): _N/A

Date of the court's decision: _N/A

Result (attach a copy of the court's opinion or order, if available):N/A

_____

_____
—

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _N/A

**GROUND TWO:** THE STATE COURT ERRED IN SENTENCE THE PETITIONER AFTER FINDING THAT THE FIREARM WAS DISCHARGED DURING THE COMMISSION OF THE CHARGED ROBBERY, WHERE THE RECORD DOES NOT SUPPORT THAT FINDING.

(a)Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

For sentencing purpose, the record in this case does not support a finding that the gun was discharged before the petitioner's flights from the crime scene come to an end.

(b) If you did not exhaust you state remedies on Ground Two, explain why: Ground Two was exhausted in the state court.

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   X Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _N/A_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision:N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?                             N/A

(4) Did you appeal from the denial of your motion or petition?   N/A

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):N/A

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N/A

**GROUND THREE:** TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ADEQUATELY MOVE FOR JUDGMENT OF ACQUITTAL, AND BY FAILING TO PRESENT ARGUMENT/EVIDENCE AGAINST THE ERRONEOUSLY CHARGED CRIME FOR APPEAL PRESERVATION.

(a)Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

The petitioner was charged with an armed robbery with discharged of a firearm with great bodily harm, for a wound inflicted on himself, that happened at a different time and separate location after the alleged event offense. Trial counsel failed to adequately move for judgment of acquittal, did not argue against the offense charged, for appellate review.

(b) If you did not exhaust you state remedies on Ground Three, explain why: Ground Three was exhausted in state court.

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐Yes   x No

(2) If you did not raise this issue in your direct appeal, explain why:Trial counsel ineffectiveness claims are not cognizable direct appeals in Florida

Case 5:22-cv-00075-TPB-PRL   Document 1   Filed 02/07/22   Page 9 of 20 PageID 9
AO 241 (Rev. 09/17)

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    X Yes      ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Motion for Post-Conviction Relief

Name and location of the court where the motion or petition was filed: Fifth Judicial Courts, Marion County, Florida

Docket or case number (if you know): 2017-CF-002779-A-W

Date of the court's decision: April 12, 2021

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?      ☐ Yes    x No

(4) Did you appeal from the denial of your motion or petition?      X Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   X Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fifth District Court of Appeal

Docket or case number (if you know): 5D21-1181

Date of the court's decision: Opinion November 16, 2021; Mandate December 10, 2021

Result (attach a copy of the court's opinion or order, if available): Per curiam affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

**GROUND FOUR:** TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO PROPERLY ADVISE THE PETITIONER ABOUT THE EVIDENCE AND THE SENTENCE HE FACE, WHICH REULTED IN HIS REJECTION OF A VIABLE PLEA OFFER.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

Trial counsel failed to advise the petitioner that his alleged co-defendant had accepted a deal from the state to testify against him at trial. Petitioner was not adequately advised about all of the evidence that was to be presented against him at trial. Thus the petitioner rejected a viable plea offer from the state without having the knowledge of the aforementioned potential testimony and/of evidence at that time.

(b) If you did not exhaust you state remedies on Ground Four, explain why: Ground Four was exhausted in the state court.

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    x No

(2) If you did not raise this issue in your direct appeal, explain why: Trial counsel ineffectiveness claims are not cognizable on direct appeals in Florida.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

X Yes    ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Motion for Post-Conviction Relief

Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit Court, Marion Count, Florida

Docket or case number (if you know): 2017-CF002779-A-W

Date of the court's decision: April 12, 2021

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    x No

(4) Did you appeal from the denial of your motion or petition?    X Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    X Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fifth District Courts of Appeal

Docket or case number (if you know): 5D21-1181

Date of the court's decision: Opinion November 16, 2021; Mandate December 10, 2021

Result (attach a copy of the court's opinion or order, if available): Per curiam affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

__**GROUND FIVE:** TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO DEPOSE THE ALLEGED CO-DEFENDANT PRE-TRIAL, AND/OR ADEQUATELY CROSS-EXAMININE SAID CO-DEFENDANT AT TRIAL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

The petitioner's trial counsel did not conduct any pre trial depositioning of the co-defendant in this case; which, would have enable counsel to conduct an adequate cross-examination of the co-defendant at trial; for the elicitation of vital defensive information to be presented at trial. Had trial counsel properly deposed or cross-examined the co-defendant it would have come out in trial that the co-defendant was indeed the manipulator and the mastermind in this case. This would have been a good mitigating factor to bring out to the judge sentencing; Had this information been available to the court it would have been a good probability that the outcome of the proceeding would have been different, and that the judge would or could have been more lenient when sentencing the petitioner.

(b) If you did not exhaust you state remedies on Ground One, explain why: Ground five was exhausted in the state court

(c)     **Direct Appeal of Ground Five:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    x No

(2) If you did not raise this issue in your direct appeal, explain why: Trial counsel ineffective claims are not cognizable direct appeals in Florida.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

X Yes    ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Motion for Post-Conviction Relief

Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit Court, Marion County, Florida

Docket or case number (if you know): 2017-CF-002779-A-W

Date of the court's decision: April 12, 2021

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    x No

(4) Did you appeal from the denial of your motion or petition?    X Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    X Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fifth District Court of Appeal

Docket or case number (if you know): 5D21-1181

Date of the court's decision: Opinion November 16, 2021; Mandate December 10, 2021

Result (attach a copy of the court's opinion or order, if available): Per Curiam Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

**GROUND SIX:** TRIAL COUNSEL RENDEED INEFFECTIVE ASSISTANCE BY FAILING TO REQUEST FOR THE PETITIONER TO RECEIVE A SECOND COMPETENCY EVALUATION.

(a)Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
The Petitioner asserts that the competency examiner's report was primarily based upon statements made to other personnel in the county jail. By using those statements made to other personnel, the only thing that the expert established was that the petitioner, the only thing that the expert established was that the petitioner may have been competent when he made those statements; however, petitioner did not receive an adequate

evaluation; never the less it cannot be said that the petitioner was competent at the time of the offense, the initial competency evaluation, and/or at the time of trial

The April 9, 2018, evaluation report clearly establishes under the "Clinical Impressions" section that the petitioner was under the influence of several psychotropic medications at the time of the evaluation; such as: Seroquel, Haldol, Cogentin, Prozac, Lamictal, Remeron. Those medications were prescribed to the petitioner for the treatment of major depressive disorder, schizophrenia, paranoid type and substance use disorder.

Therefore, while the petitioner was under the influence of the above medication, it can not be said that he was competent and/or that he received and adequate evaluation.

Furthermore, the above evaluation was conducted on March 7, 2018, and the petitioner's jury trial proceedings did not commence until approximately seven and one half (7 1/2) months later on October 29, 2018. Therefore, it can not be determined whether the petitioner was competent or incompetent the time of his trial; and it cannot be said as to how many times the petitioner could have lapsed into incompetency during above seven and a half (7 1/2) months.

The petitioner was only evaluated by one psychologist and his trial counsel reviewed the above evaluation report, and should have known the facts and circumstances presented herein; however his trial counsel failed to request for the petitioner to receive a second competency evaluation, which rendered ineffective assistance thereby.

(b) If you did not exhaust you state remedies on Ground Two, explain why: Ground Six was exhausted in the state court.

(c) **Direct Appeal of Ground Six:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes    x No

    (2) If you did not raise this issue in your direct appeal, explain why: Trial counsel ineffective claims are not cognizable direct appeals in Florida.

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes    ☐ No

    (2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Motion for Post-Conviction Relief

Name and location of the court where the motion or petition was filed: Fifth Judicial Circuit Court, Marion County, Florida

Docket or case number (if you know): 2017-CF-002779-A-W

Date of the court's decision: April 12, 2021

Result (attach a copy of the court's opinion or order, if available): Denied

(3) Did you receive a hearing on your motion or petition? ☐ Yes  x No

(4) Did you appeal from the denial of your motion or petition? X Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? xYes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Fifth District Court of Appeals

Docket or case number (if you know): 5D21-1181

Date of the court's decision: Opinion November 16, 2021; Mandate December 10, 2021

Result (attach a copy of the court's opinion or order, if available) Per Curiam Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _N/A

**GROUND SEVEN:** TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ADEQUATELY INVESTIGATE AND PRESENT A TRIAL DEFENSE THEORY OPTIN REGARDING A TEMPORARY INSANITY DEFENSE

(a)Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):
Trial counsel possessed document establishing that petitioner Snow suffered from several mental health disorders, such a major depressive disorder, schizophrenia, paranoid type and substance use disorder. Those disabilities were found to exist by county jail mental health professionals, during the petitioner's incarceration for this present case. It can not be said that the petitioner did not suffer from temporary insanity at the time of the offense.

(b) If you did not exhaust you state remedies on Ground Three, explain why: The petitioner was assisted by another inmate for his state court post-conviction challenges, and the petitioner was unaware of this viable issue until recently

(c)   **Direct Appeal of Ground Seven:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   x No

(2) If you did not raise this issue in your direct appeal, explain why: Trial counsel ineffectiveness claims are not cognizable in direct appeal in Florida.

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   x No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): _N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?   N/A

(4) Did you appeal from the denial of your motion or petition?   N/A

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available) N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

**GROUND EIGHT:** COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO INTERVIEW, SECURE, AND/OR PRESENT A READILY AVAILABLE EXPERT DEFENSE WITNESS

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim):

Trial counsel was aware that mental health providers discovered that petitioner Snow suffer from untreated mental health disorders, and that several diagnoses were rendered by those providers, who prescribed several psychotropic medications for the treatment of his mental health disabilities. Trial counsel should have interviewed, secured, and /or presented a mental health expert witness who would testified that it is highly probable that he was temporarily insane at the time of offense.

(b) If you did not exhaust you state remedies on Ground Four, explain why: The petitioner was assisted by another inmate for his state court post conviction challenges, and the petitioner was unaware of this viable issue until recently.

(c)     **Direct Appeal of Ground Eight:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    x No

(2) If you did not raise this issue in your direct appeal, explain why: Trial counsel ineffectiveness claims are cognizable in direct appeal in Florida.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    x No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?     N/A

(4) Did you appeal from the denial of your motion or petition?     N/A

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? N/A

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you raised in this petition been presented to the highest state court having jurisdiction ☐ Yes    x No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Ground Seven and Eight was not presented in the state court because the petitioner was assisted by another inmate, who did not raise those grounds, and the petitioner was unaware of those grounds until recently.

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which Ground or grounds have not been presented, and state your reasons for not presenting them:

Same as "a" above

14. Have you previously filed any type of petition, application, or motion in federal court regarding the conviction that you challenge in this petition? ☐ Yes    x No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.__N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes    x No

If "Yes" state the name and location of the court, the docket or case number, the type of proceeding and the issues raised.    N/A

16. Give the name and address, if you know, of each attorney who represented you in the following stages of

   The judgment you are challenging:

   (a) At preliminary hearing: Gregg Brennan, conflict attorney

   (b) At arraignment and plea: Gregg Brennan, conflict attorney

   (c) At trial: Gregg Brennan, conflict attorney

   (d) At Sentencing: Gregg Brennan, conflict attorney

   (e) On appeal: Nancy Ryan, assistant public defender

   (f) In any post-conviction proceeding: pro se

   (g) On appeal from any ruling against you in a post-conviction proceeding: pro se

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    x No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

   (b) Give the date of other sentence was imposed:  N/A

   (c) Give the length of the other sentence: N/A

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

   Future?    N/A

18. TIMELINESS OF PETITION: If your judgment of conviction became final over a year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) does not bar your petition*.

   This petition is file timely

*The antiterrorism and Effective Death penalty Act of 1996("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

   (1)    A one-year period of limitation shall apply to an application for Writ of Habeas Corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of-

      (A)    The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

  (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: A reversal of the conviction and sentences or any other relief to which petitioner may be entitled.

Executed (signed on _____ (date).

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in this prison mailing system on _____ ____ 20__.

Executed (signed) on _____|_____ 31 20 22

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Provided to Graceville Correctional Facility on 1-31-22 for mailing, by _____.

Rodney Snowy DC# 390165
Graceville Correctional Facility
5168 Ezell Road
Graceville, Florida 32440-2402

Clerk of the Court
Ocala Division
207 N.W. Second Street
Ocala, Florida
34475-6666

SCREENED
By USMS

LEGAL MAIL